## Town of Grafton *v.* County of Grafton.

Where a man, having no settlement in this State, married a woman who had a settlement in the town of G, and becoming a pauper was relieved by C; it was held that under the Revised Statutes the town of G was not liable to C for such support.

Where the overseers of the poor of G, in the county of G, supposing their town liable for the support of such a pauper, in good faith removed him from C, in another county, to G, and supported him there, it was held that the town of G might recover of the county of G for such support.

A woman having a settlement in the town of Grafton, in this county, was married to a man who had no settlement in the State, and they removed to Columbia, in the county of Coös. The husband becoming a pauper, was relieved by Columbia, and a bill therefor was presented to and paid by the town of Grafton, which now claims the amount of the bill from the county of Grafton. Afterward, the selectmen of Grafton, who were the overseers of the poor, supposing their town liable for his support, in good faith removed him to Grafton and there supported him; and the town of Grafton now claims to recover of the county of Grafton for such support.

BARTLETT, J. In *South-Hampton* v. *Hampton Falls*, 11 N. H. 140, it was held that an alien pauper, having no settlement in this State, was entitled to support in the town where his wife had her settlement, and that such town was liable to any other town by which such assistance might be rendered, though it had its ultimate remedy against the county. This decision was founded upon the explicit provision of the act of 1828 (Laws 1830; 300, sec. 1), which was repealed by the Revised Statutes, and our laws now contain no such enactment. Grafton was under no obligation for the support of the husband in Columbia, nor is the county liable to refund to Grafton the amount so paid. But Grafton subsequently sent for the pauper and has since supported him in Grafton. Although the pauper might, perhaps, be returned to Columbia by an order pursuant to section 10, of chapter 67, of the Revised Statutes, yet this will not discharge Grafton from the duty of supporting him while

there.    Rev. Stat., ch. 66, sec. 1; *Amherst* v. *Hollis*, 9 N. H. 107. As no town or person in the State is liable for his support, and as it does not appear that the pauper was brought to Grafton with any unlawful intent, we think Grafton should be allowed, from the county, payment for the pauper's support while in Grafton.    Rev. Stat., ch. 67, sec. 1.